ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Genuine Construction Company ) ASBCA No. 60626
)
Under Contract No. H92237-16-C-0025 )

APPEARANCE FOR THE APPELLANT: Mr. Mukhlis Mohammadi
President

APPEARANCES FOR THE GOVERNMENT: Jeffrey P. Hildebrant, Esq.
Air Force Deputy Chief Trial Attorney
Christopher S. Cole, Esq.
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE YOUNGER ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government has moved to dismiss this appeal, arguing that appellant Genuine Construction Company (GCC) failed to submit a claim to a contracting officer as required under the Contract Disputes Act, 41 U.S.C. §§ 7101-7109, prior to the filing of this appeal. GCC has opposed the motion. We grant the motion and dismiss the appeal.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. By date of 12 May 2016, the Department of the Air Force Special Operations Joint Task Force – Afghanistan (Air Force) awarded Contract No. H92237-16-C-0025 (contract) to GCC in the amount of $218,598.00 to build facility and force protection upgrades at Ramp 5, Hamid Karzai International Airport (HKIA) in Kabul, Afghanistan (gov't mot. at 1; R4, tab 1 at 2).

2. By memorandum dated 15 May 2016, the Air Force issued a notice to proceed to GCC effective 16 May 2016 (R4, tab 2).

3. It appears that, on 20 May 2016, GCC contacted the Air Force via email stating that it had been denied "installation access" (gov't mot. at 1). The Air Force issued a stop work order by memorandum of that same date requiring GCC to cease performance "until a decision can be made on the correct course of action" (R4, tab 3).

4. GCC thereafter contacted the Air Force by emails dated 23 May 2016 and 10 June 2016 seeking direction concerning when it would be allowed to resume work (Bd. corr., app. email dtd. 4 July 2016, attachs.). The 23 May 2016 email sought contact information for the "POC [point of contact] for the subject contract, because

CPT Ramos and SSG Felton [did] not reply in the last few days." The 10 June 2016 email stated in part that "my company is still stand by and waiting for your email to start the work, please let me know when we should start to send our team, materials, equipments, machinary to the site" (syntax in original).

5. By email dated 14 June 2016, GCC filed a notice of appeal with the Board in the form of a "Complaint Letter," which stated in part (punctuation and syntax in original):

> On the 20 May 2016 we received the stop work notice from SFC Felton, Elijah.
>
> Since then we did send few email exchange with Contracting Officer, since long time we are waiting to start the project, materials purchased are ready for the delivery to the site, we did paid in advance for the trucks.
>
> We pay for the storage/Warehouse of the materials we also request the KO [contracting officer] to issue modification for each month to us.
>
> Now we made this claim with Contracting Officer to request the KO start the project because this took so longer and it is cost each to us to keep the materials in the storage, also the money we paid to the trucks in advance the contract was for the 30 days and will expire soon, so we have to know the contracting office want this project or no? please response me soon, thank you very much.

6. The Board docketed GCC's 14 June 2016 "Complaint Letter" as the notice of appeal herein on 14 June 2016. By email dated 17 June 2016, GCC forwarded to the Board another "Complaint Letter" enclosing what appears to be a subcontract for the rental of heavy equipment and a sales receipt for the purchase of construction materials (compl. at 2-3). The 17 June 2016 "Complaint Letter" states as follows (punctuation and syntax in original):

> On the 20 May 2016 we received the stop work notice from SFC Felton, Elijah.
>
> Since then we did send few email exchange with Contracting Officer, since long time we are waiting to start the project, materials purchased are ready for the delivery to the site, per Contracting office advise we keep our

2

materials and machineries in storage area, we did paid in advance for the trucks.

our company have to pay each day for the storage area, and our contract is up to 27 June 2016.

now we made this claim because the contracting officer properly not answer our email on time, and we can't keep the materials and machineries for long time, because all materials cost a lot for each month, even if this project NTP again issue the contracting officer need to issue the modification for the cost accord.

We paid in advance only for 1 month, if this stop work take so long then we have to pay more for the machineries cost. and storage, we need to solve this issue as quick as possible, thank you very much.

7. By memorandum dated 22 June 2016, the Air Force notified GCC that it had been denied base access (R4, tab 5). The denial was attributed to GCC's failure to adhere to "strict...verification guidelines that all Contractors must follow" (R4, tab 6 at 1). GCC requested that the Air Force reconsider that decision the following day, asserting that "we are not security risk for the US Forces at all" (R4, tab 7 at 2), but the Air Force denied that request by memorandum dated 28 June 2016 (R4, tab 8).

8. By email dated 30 June 2016, GCC forwarded to Air Force legal operations personnel a "Certified Claim Letter" dated 30 June 2016, along with various attachments (R4, tab 9). This submission sought payment in the amount of $119,432 and included a certification signed by GCC's president consisting of the language found in 41 U.S.C. § 7103(b) (*id.* at 3).

9. At the direction of Air Force legal operations personnel, GCC resubmitted the "Certified Claim Letter" with attachments to an Air Force contracting officer by email dated 8 July 2016 (R4, tabs 16-17). That contracting officer issued a decision denying GCC's "claim (from the complaint letter)" by letter dated 5 September 2016 (Bd. corr.).

10. By email dated 6 September 2016, GCC submitted a second notice of appeal to the Board, along with the "Certified Claim Letter" that it previously submitted to the Air Force. We docketed that appeal as ASBCA No. 60783 and it is not the subject of this motion.

3

## DECISION

The Air Force argues that the Board lacks jurisdiction over ASBCA No. 60626 because GCC failed to submit a claim to the contracting officer prior to initiating this appeal (gov't mot. at 2-3). GCC bears the burden of establishing the Board's subject matter jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988); *United Healthcare Partners, Inc.*, ASBCA No. 58123, 13 BCA ¶ 35,277 at 173,156. Pursuant to 41 U.S.C. § 7103(a)(1), "Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision." Thus GCC must prove by a preponderance of the evidence that it submitted a claim for payment to the contracting officer in order to establish this Board's jurisdiction. *Id.*; *United Healthcare Partners,* 13 BCA ¶ 35,277 at 173,156-57.

Although the Act itself does not define the term "claim," the Federal Acquisition Regulation (FAR) does:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.

FAR 2.101.

The record here contains no evidence that GCC submitted a claim to the contracting officer comporting with the requirements of FAR 2.101 prior to seeking relief from the Board, and GCC has failed to demonstrate otherwise. Emails submitted by GCC to the Board in response to the Air Force's motion to dismiss show that after the Air Force issued the stop work order, GCC contacted the Air Force on two occasions, 23 May and 10 June 2016, not for the purpose of seeking payment as a matter of right but instead to request information concerning when it would be permitted to begin performance (statement 4). Moreover, GCC's 14 June 2016 "Complaint Letter" to the Board, which the Board docketed as GCC's notice of appeal, stated that GCC was "waiting to start the project" and stated "we have to know the contracting office want this project or no?" (statement 5) (syntax in original). GCC's second "Complaint Letter," submitted to the Board by email dated 17 June 2016, described the problems it was experiencing as a result of the stop work order and stated "we need to solve this issue as quick as possible" (statement 6). It was not until 30 June 2016, two days after the Air Force rejected GCC's request to reconsider its base access denial and 16 days after GCC filed its notice of appeal with the Board, that GCC submitted its "Certified Claim Letter" to the Air Force (statements 7-8). The Board therefore lacks jurisdiction to entertain this appeal.

4

## CONCLUSION

The government's motion to dismiss ASBCA No. 60626 is granted and the appeal is dismissed for lack of jurisdiction. ASBCA No. 60783 remains pending before the Board.

Dated: 7 November 2016

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60626, Appeal of Genuine Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5